669 So.2d 460 (1995)
STATE of Louisiana
v.
Solomon FISHER.
No. 94 KA 2255.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Rehearing Denied March 20, 1996.
*461 Walter Reed, Covington, William R. Campbell, Jr., New Orleans, for State of La.
James H. Looney, Covington, for Solomon Fisher.
Before LeBLANC, WHIPPLE and FOGG, JJ.
LeBLANC, Judge.
Solomon Fisher was charged by bill of information with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. He pled not guilty and, after trial by jury, was convicted as charged. The court sentenced him to serve a term of sixty-six months imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, and with credit for time served. Defendant has appealed, urging three assignments of error: (1) that the court improperly allowed the state to introduce evidence of two prior felony convictions when the state needed proof of only one prior conviction; (2) that the court improperly allowed the state to argue beyond the evidence during its rebuttal argument; and (3) that the evidence was insufficient.[1]
At about 1:30 a.m. on January 3, 1994, Deputy Sterling Hebert of the St. Tammany Parish Sheriff's Office stopped a vehicle after observing it cross over the centerline, return to its lane, and then go onto the shoulder. Hebert had the driver, identified as being defendant, exit the vehicle. During a brief interview, defendant told Hebert he had just picked up a friend at the Washington Parish Correctional Institute. When asked by Hebert if there were any drugs or weapons in the car, defendant said there were none. Also in the vehicle with defendant were his sister (riding in the middle of the front seat), the man who had just been picked up at the prison (riding on the passenger side of the front seat), and a cousin (riding in the backseat). One of the officers testified that the vehicle was registered to the sister's mother.
When Deputy Brad Hassert arrived to assist Hebert, Hassert obtained defendant's permission to search the vehicle. Inside the car, Hassert found an opened purse located on the floorboard just to the right of the center transmission tunnel. After determining the purse belonged to defendant's sister, Hassert secured her permission to search it. Inside the purse, Hassert found a *462 small .25 automatic pistol. The gun did not have a clip in it. According to Hassert, considering the purse's location, the driver of the vehicle would have been able to see the gun and would have been able to grab it, thus being able to exercise dominion and control over it. When Hassert asked for registration papers, defendant's sister presented a receipt showing she had purchased the gun.
The officers also conducted patdown searches of each person and found a clip for the gun in defendant's right rear pocket. The evidence showed that defendant had a conviction from December 11, 1989, for possession of cocaine and a conviction for simple robbery for an offense committed on January 28, 1990.
Defendant's sister testified that she asked defendant to go with her to pick up her friend who was being released at midnight from the prison. When they arrived at the prison, the guard asked if anyone had any weapons; and she told the guard she had a gun in her purse. She said nobody in the car knew she had the gun until the guard asked. In response to the guard's request, she unloaded the gun and gave the gun to the guard. She could not remember exactly what she did with the clip, but she thought she put it on the seat. After picking up her friend, they left the prison. When defendant's sister realized she had forgotten her gun, they backed up. The guard returned the gun, and she put it back into her purse. She testified that she bought the gun on September 4, 1993, because she had been robbed twice and needed the gun for protection. She explained that she sometimes had to walk home from work at night. At the request of the prosecutor, she demonstrated her knowledge of the gun and showed how to make sure it was unloaded, how to put in the clip, and how to fire the gun. She testified that nobody other than herself had ever used her gun. She also maintained that, because defendant would have had to reach over her in order to get to her purse, he was not in a position to get the gun if he had wanted to. She also testified that she was not aware defendant had put the clip into his pocket.
In the third assignment of error, defendant argues the evidence was insufficient to support his conviction. Although he acknowledges he was aware of the gun's presence and had the clip in his pocket, he maintains his presence in the area of the gun was insufficient to establish his possession of the gun. He does not contest the state's proof of the other elements of the offense.
La.R.S. 14:95.1 makes it unlawful for certain felons "to possess a firearm." The statute does not make "actual" possession a necessary element of the offense or specifically require that the defendant have the firearm on his person to be in violation. "Constructive" possession satisfies the possessory element of the offense. State v. Day, 410 So.2d 741, 743 (La.1982). Constructive possession occurs when the firearm is subject to the offender's dominion and control. Dominion and control over a weapon is sufficient to constitute constructive possession even if the control is only temporary in nature and even if the control is shared with another person. State v. Washington, 605 So.2d 720, 722 (La.App.2d Cir.1992), writ denied, 610 So.2d 817 (1993). Mere presence in an area where a firearm is found, or mere association with an individual found to be in possession of a firearm, does not necessarily establish possession. State v. Heacox, 543 So.2d 101, 105-06 (La.App.3d Cir.1989).
Clearly, defendant was aware of the gun's presence. However, there is no evidence his intent amounted to an intent to possess the gun rather than mere acquiescence to the fact his sister owned a gun and had the gun in her purse. See Heacox, 543 So.2d at 106. Defendant admits the clip to the gun was found in his pocket. However, the ammunition alone was not a firearm for purposes of La.R.S. 14:95.1. See State v. Vailes, 564 So.2d 778, 782 (La.App.2d Cir. 1990). While defendant's physical possession of the ammunition is relevant to establish his knowledge and general intent, considering the manner in which he came into possession of the clip, the presence of the clip on his person does not show his intent to exercise dominion and control over the gun. Defendant did not testify. However, his sister testified that she removed the clip before *463 giving the gun to the guard at the gate. She also testified that she then must have placed the clip on the seat. Defendant's sister owned the gun and stored the gun in her purse. Thus, the mere fact defendant could have reached for the gun does not establish his dominion and control over it.
Accordingly, we find that the evidence, even when viewed in the light most favorable to the prosecution, was not sufficient to establish the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We reverse the conviction and sentence and order defendant discharged. Because of our ruling on this assignment of error, it is not necessary for us to review the other assignments.
CONVICTION AND SENTENCE REVERSED. DEFENDANT ORDERED DISCHARGED.
NOTES
[1] The defendant filed a supplemental brief raising two additional assignments of error: (1) the trial court erred in denying defendant an opportunity to stipulate to the fact element of a prior conviction; and (2) the trial court erred in its jury charge.