715 So.2d 708 (1998)
STATE of Louisiana
v.
Kirk LAMOTHE and Terence McNabb.
No. 97-KA-1113.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1998.
*709 Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, Dwight Doskey, P.L.C., New Orleans, for defendants-appellants.
Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, George C. Wallace, Jr., Assistant District Attorneys, Gretna, for plaintiff-appellee.
Before GRISBAUM, C.J., and DUFRESNE and CANNELLA, JJ.
GRISBAUM, Chief Judge.
In this consolidated criminal appeal, two defendants, Kirk Lamothe and Terence McNabb, appeal their respective convictions of a felon in possession of a firearm, La. R.S. 14:95.1. We find that there was insufficient evidence at trial to support a guilty verdict in both cases. Therefore, we reverse both defendants' convictions.

ASSIGNMENTS OF ERROR
Defendant, Terence McNabb, assigns as error the following, to-wit:
1. The trial judge committed reversible error in allowing the custodial statement of *710 Kirk Lamothe to be introduced at the joint trial of Kirk Lamothe and Terence McNabb when the statement was inculpatory as to Terence McNabb.
2. The trial judge erred in failing to instruct the jury as to the consideration to be given the statements of co-defendants at a joint trial.
3. The trial judges [sic] final charges to the jury are misleading and incomplete in that they failed to accurately and completely define the offenses charged, including language referencing a form of the offense not charged by the indictment, failed to include a limiting instruction regarding the proper consideration of a co-defendant's statements, failed to include any charge reflecting that the charges against each defendant were to be independently considered and repeatedly made references to "the defendants" as a single entity during the charge inferring that the verdict should be the same to both.
4. The trial judge erred in accepting a verdict that was not responsive to the indictment.
5. The evidence is insufficient to support the conviction.
6. Trial counsel was ineffective.
Defendant-Appellant's original brief, p. 4.
Defendant, Kirk Lamothe, assigns as error the following, to-wit:
1. The trial court erred in refusing to allow the defense to back-strike a juror when it still had peremptory challenges left.
2. The trial court erred in allowing the prosecution to introduce Terence McNabb's statement at a trial in which McNabb was not to testify.
3. Insufficient evidence exists to justify the verdict.
4. Defendant adopts any and all pertinent arguments and assignments raised by defendant McNabb.
Defendant-Appellant's original brief at p. 3.

FACTS AND PROCEDURAL HISTORY
Defendants, Terence McNabb and Kirk Lamothe, painters and sandblasters with Delta Commodities, were asked by their supervisor to go to the area of Aberdeen and Argyle Streets in Harvey, Louisiana, to inform a co-worker named Ivan that he would be needed for work the following Monday. Defendants left in a 1991 Chevrolet Caprice owned by McNabb's mother, Judy Lutcher. They stopped at a convenience store along the way and picked up a man named Edward, an acquaintance of McNabb's, who needed a ride.
Once arriving at Ivan's residence on Argyle Street, McNabb, who was driving, parked the car and knocked on Ivan's door, leaving Lamothe and Edward in the car. Receiving no response, McNabb spotted another co-worker, Calvin, standing in front of a house next door, and asked Calvin to relay their employer's message to Ivan. McNabb got back into the car but continued his conversation with Calvin through an open window. Daniel Washington, who lived in a neighboring apartment, approached the car and began questioning McNabb about his reasons for being in their neighborhood. A fistfight between Washington and McNabb ensued, and Lamothe and Edward got out of the car to help break up the fight. The fight only lasted a couple of minutes; Washington returned to his apartment, while defendants headed toward their car.
Before defendants reached the car, Washington emerged from his apartment with a gun and began firing at them. McNabb, who was shot in his shoulder, ran away from the scene. Lamothe, who was closest to the car, jumped into the car. Lamothe retrieved a handgun from under the driver's seat, kicked the car door open, and returned Washington's fire. After Lamothe was shot in the foot, he also fled the scene. McNabb and Lamothe flagged down a passing motorist, who took them to a hospital for treatment of their wounds. Washington was shot in the upper left leg and was transported to the hospital by an ambulance. Because Washington's femoral artery was severed, he later died as a result of his injury.
Deputy William Meetze, who reported to the scene, found the car still running with several bullet holes pierced throughout the body and with the rear windows shot out. Deputy Meetze retrieved a .357 chrome revolver *711 laying on the ground near the driver's side of the car. After interviewing several witnesses, officers determined that Lamothe and McNabb were responsible for Washington's shooting death. Defendants were arrested later that day.
That night, Detective Ralph Sacks conducted two tape recorded interviews with Lamothe at the Detective Bureau in Harvey. In the first interview, Lamothe denied any involvement in the shooting. At the second interview, given two hours later, Lamothe admitted to shooting the victim with the .357 revolver that was found by Deputy Meetze next to the car. Lamothe stated that he retrieved the gun from under the car's front seat. Detective Sacks interviewed McNabb on January 6, 1997. Although McNabb's account of events substantially corresponded with Lamothe's, McNabb denied ownership or knowledge of the gun.
The police initially charged defendants with first degree murder, La. R.S. 14:30, and attempted first degree murder, La. R.S. 14:27:30. However, on February 27, 1997, the Jefferson Parish Grand Jury issued a bill of indictment charging Lamothe and McNabb each with one count of a felon in possession of a firearm, La. R.S. 14:95.1. McNabb was arraigned on March 6, 1997 and pled not guilty. Lamothe was arraigned on March 11, 1997 and pled not guilty.
Defendants were jointly tried before a jury of 12 on June 17, 1997. Neither defendant testified at trial. The jury found both defendants "guilty of possession of firearm or carrying concealed weapon by a person convicted of certain felonies." McNabb's motion for new trial was denied on July 1, 1997. On the same day, McNabb was sentenced to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence. Lamothe was sentenced to 15 years at hard labor without benefit of parole, probation, or suspension of sentence. Both defendants appeal their respective convictions.

LAW AND ANALYSIS
Normally, we would first address McNabb's fifth and Lamothe's third assignments of error, which contest the sufficiency of evidence to support their respective convictions. When a defendant alleges both an insufficiency of the evidence and one or more other trial errors, the appellate court should first determine the sufficiency challenge. State v. Hearold, 603 So.2d 731 (La.1992). However, before we can address the sufficiency of the evidence, we must first consider McNabb's first assignment of error___ whether Lamothe's custodial statements given to Detective Sacks can be introduced at their joint trial. In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court reversed the robbery conviction of a defendant who had been implicated in the crime by his co-defendant's confession. The Bruton court held that because the co-defendant did not take the stand at the joint trial and, thus, could not be cross-examined, the admission of his confession violated the defendant's rights under the Sixth Amendment's Confrontation Clause. Id. Our courts have also noted that "where a nontestifying co-defendant's confession incriminating the defendant is not directly admissible against the defendant... the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him." State v. Johnson, 96-0959 (La.1996), 675 So.2d 1098 (citing Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) and Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987)).
Because the first statement given by Lamothe is actually exculpatory as to McNabb, since Lamothe categorically denied that either he or McNabb had any weapons during the shooting incident, it appears that the admission of this statement was not violative of McNabb's right of confrontation. However, in Lamothe's second statement, Lamothe admitted to having taken the gun from under the seat of the car, and, by doing so, places the gun in the car with McNabb. But in his own statement to the police, McNabb denied any knowledge of the gun and claimed that Lamothe did not have a gun. Thus, the only evidence the State produced at trial that places McNabb in possession of the gun is by this statement. Consequently, admission of this statement cannot *712 be considered harmless error because it incriminates McNabb and, thus, would not have been admissible if used against McNabb in a separate trial. Ergo, we find that the trial court erred in admitting Lamothe's second statement at defendants' joint trial.

SUFFICIENCY OF THE EVIDENCE
The constitutional standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.1990), writ denied, 569 So.2d 968 (La.1990).
To convict a defendant of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt the possession of a firearm, a previous conviction of an enumerated felony, that ten years have not elapsed since completion of the sentence, and general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983). Because the parties stipulated at trial that McNabb and Lamothe were convicted felons under the statute, this is not at issue. What is left to determine is the possession of the firearm and general intent to possess in order to uphold the convictions.

McNABB
We first address McNabb's challenge to the sufficiency of evidence presented at trial. Although the State presented no evidence that McNabb exercised actual possession of the gun, our jurisprudence has found that constructive possession is sufficient to satisfy the possession element of La. R.S. 14:95.1. See also State v. Day, 410 So.2d 741 (La.1982); State v. Evans, 29,675 (La. App.2d Cir. 9/24/97), 700 So.2d 1039, writ denied, 97-2942 (La.1/9/98), 705 So.2d 1121. Constructive possession occurs when the firearm is subject to a defendant's dominion and control. State v. Evans, supra. A defendant's dominion and control over a weapon constitutes constructive possession, even if it is only temporary in nature and even if control is shared. Id. However, mere presence in an area where a firearm is found, or mere association with an individual found to be in possession of a firearm, does not necessarily establish possession. Id. (citing State v. Fisher, 94 2255 (La.App. 1st Cir. 12/15/95), 669 So.2d 460, writ denied, 96-0958 (La.9/20/96), 679 So.2d 432).
The State argues that McNabb had constructive possession because a gun under the driver's seat was within his reach, dominion, and control. However, the gun was not found in the car but on the ground near the car. Lamothe maintained that he knew that the gun was under the seat prior to the shooting. When asked whether McNabb had told him the gun was there, Lamothe responded, "I just knew he had it." Lamothe further stated that the gun was under the front seat "on the hump" and that it was visible "if you look good enough." However, there is little in Lamothe's statement to indicate that McNabb knew the gun was there or that he had the intent to posses it. Furthermore, as discussed above, an issue arises whether Lamothe's statement can be used against McNabb at all. Without this statement, there is no other evidence provided by the State to demonstrate constructive possession that the gun was in the car with McNabb.
In addition, our jurisprudence has added another aspect of awareness to the offense of La. R.S. 14:95.1. State v. Evans, supra (citing State v. Woods, 94-2650 (La.App. 4th Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035). Therefore, the State must also prove that the offender was aware that a firearm is in his presence and that he had the general criminal intent to possess the weapon. Id.
Here, while McNabb may have been in a position to exercise dominion and control over the weapon, the State presented no evidence that McNabb was aware the gun was present in the car on the day of the incident or that he had the general criminal intent to possess the weapon. Although McNabb was driving the car on the day of *713 the incident, the car is registered to his mother, Judy Lutcher. Ms. Lutcher also testified that the gun Lamothe found under the car seat belonged to her. The State argues that McNabb's knowledge of the existence of the gun and its presence in the car was established through the testimony of his mother, who stated that McNabb knew she owned the gun, McNabb knew she would often leave the gun in the car, and that both the mother and McNabb knew that McNabb was not supposed to have a gun in his possession. However, Ms. Lutcher also testified that she normally kept the gun in her bedroom but carried the gun in the car, under her seat, only when she drove to work at night. She stated that she used the car 80 percent of the time, but she shared it with her sons, Melvin and Terence. Ms. Lutcher testified that she drove the car the night before the incident and recalled having the gun with her that night. Furthermore, she used the car for a short while on the morning of January 3, 1997 before she lent the car to McNabb later that day. Although Ms. Lutcher also stated that McNabb and his brother had found the gun in her car on prior occasions, her testimony, by itself, does not establish that the gun was present in the car or that McNabb knew the gun was there on the day of the incident.
Because we find that the evidence presented, even when viewed in the light most favorable to the State, does not prove beyond a reasonable doubt that the gun was present in the car or that McNabb was aware that the gun was in the car in which he was driving, both the possession and intent elements of the instant criminal offense fail. We, thus, reverse the conviction and sentence of this defendant.

LAMOTHE
We now address Lamothe's contention that insufficient evidence exists to justify his verdict. The jurisprudence regarding the sufficiency of the evidence and the elements of the offense of a felon in possession of a firearm are discussed. Defendant-appellant first claims that the evidence at trial showed that justification was a valid defense. Our jurisprudence has held that self-defense or defense of others may provide a defense to the charge of a felon in possession of a firearm; however, the holding is subject to this limitation:
"[W]hen a felon is in immediate peril of great bodily harm, or reasonably believes himself or others to be in such danger, he may take possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others. In such a situation justification is a defense to the charge of felon in possession of a firearm."
State v. Smith, 96-2502 (La.App. 4th Cir. 12/27/96), 686 So.2d 1009, 1011 (quoting State v. Blache, 480 So.2d 304, 308 (La.1985)). See also State v. Jones, (La.App. 4 th Cir.1989), 539 So.2d 866, writ denied, 544 So.2d 396 (La.1989). However, a convicted felon is not entitled to own or maintain possession of a weapon, constructive possession or otherwise, for protection, or for any other reason. State v. Blache, supra. Here, although the evidence at trial does support the argument that Lamothe used the gun in self-defense, after he was fired upon by Daniel Washington, the main issue is whether he possessed the gun before he perceived that he was in danger.
Lamothe argues that, even if he had knowledge that there was a gun under the car seat, such knowledge did not amount to intent to possess the weapon. This argument is supported by our jurisprudence. In State v. Heacox, 543 So.2d 101 (La.App. 3d Cir.1989), the defendant and his companion sold marijuana to undercover narcotics officers from a car belonging to and driven by the companion. During the transaction, an officer observed a partially covered handgun on the seat of the car between the defendant and his companion. Defendant was later convicted of distribution of marijuana and illegal possession of a firearm by a convicted felon. On appeal, Heacox argued that the evidence at trial was insufficient to prove that he had actual or constructive possession of the gun. The court agreed, finding that the evidence was insufficient to show Heacox was aware of the gun's presence, or, in the alternative, if he was aware, that there is no evidence the intent amounted to an intent to possess rather than mere acquiescence to the *714 fact that his companion had a gun in the car. Id.
This rationale was followed in State v. Fisher, 94-2255 (La.App. 1st Cir. 12/15/95), 669 So.2d 460, writ denied, 96-0958 (La.9/20/96), 679 So.2d 432. In Fisher, the defendant, his sister, and two other individuals were riding together in a car and were stopped by a police officer for a traffic violation. The vehicle was registered to the sister's mother. Inside the car, the officer found an opened purse belonging to the sister. The purse contained a small pistol, minus its clip. The gun was registered to the defendant's sister. The clip was found in the defendant's pocket. The defendant was later convicted under La. R.S. 14:95.1. On review, the court found that defendant was aware of the gun's presence in the car. However, citing the Heacox opinion, the court found that there was no evidence his intent amounted to an intent to possess the gun.
We find that, under the facts and circumstances of this case, and following the rationale of the Heacox case, Lamothe's awareness of the gun's presence in the car simply amounted to mere acquiescence to the fact that there was a gun in McNabb's mother's car, rather than an intent to possess the weapon. In the first instance, Lamothe was out on an errand with McNabb in McNabb's mother's car. Although Lamothe had knowledge that the gun was present in the car, Lamothe took possession of the gun only when he found himself and McNabb in imminent danger of great bodily harm and returned Washington's fire. Because Lamothe did not have the requisite criminal intent to possess the weapon, the proof is insufficient under Jackson v. Virginia to support Lamothe's conviction. Thus, Lamothe's conviction must also be overturned.
For the reasons enumerated above, we reverse both defendants' convictions and sentences. We, therefore, will not consider defendants' remaining assignments of error.

ERRORS PATENT
The record was reviewed for errors patent. La.Code Crim. P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990). Because we reverse both defendants' convictions and sentences, we find the errors patent discussion moot.
REVERSED.