722 So.2d 987 (1998)
STATE of Louisiana
v.
Kirk LAMOTHE and Terence McNabb.
No. 98-K-2056.
Supreme Court of Louisiana.
November 25, 1998.
PER CURIAM.[*]
Granted in part as to McNabb; denied to Lamothe. When reviewing the sufficiency of evidence to support a conviction under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the appellate court must consider all of the evidence introduced at trial, even evidence which the court admitted erroneously. State v. Hearold, 603 So.2d 731, 734 (La.1992). Accordingly, as to McNabb only, this case is remanded to the court of appeal to consider whether Lamothe's statement in addition to the other evidence presented at trial supported the jury's verdict. If the appellate court finds that the totality of the evidence presented satisfied the Jackson standard, it must determine whether the trial court erred in admitting Lamothe's statement against McNabb and, if so, whether the court's error requires reversal of his conviction or was harmless. Schneble v. Florida, 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972) ("In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.")
JOHNSON, J., would deny the writ.
NOTES
[*] Knoll, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.