725 So.2d 562 (1998)
STATE of Louisiana
v.
Frederick STELLY.
No. 98-KA-578
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
*563 Sandra C. Jenkins, New Orleans, Louisiana, Attorney for Appellant Frederick Stelly.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Ron Austin, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CANNELLA, Judge.
Defendant, Frederick Stelly, appeals from his conviction as a felon in possession of a firearm and sentence to 10 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. For the reasons which follow, we affirm.
The undisputed facts are as follows. On December 18, 1996, Deputies Dominick Imbronone and Donald Clogher received a dispatch that a black Lexus had been carjacked by two black males. The following night, December 19, 1996, the deputies were traveling on Jefferson Highway when they observed a black Lexus. The deputies began following the car while awaiting a response to whether the license plate number matched that of the stolen vehicle. During this period the deputies testified that the vehicle made an illegal turn from the middle lane. The deputies put on the flashing lights in an attempt to stop the vehicle for the traffic violation. Rather than stop, the Lexus accelerated and a high speed chase ensued. The Lexus at one point ran into a parked car but again began traveling at a high speed. Eventually, the Lexus was driven into a telephone pole. The driver of the Lexus exited the vehicle and fled on foot. Deputy Clogher pursued the driver on foot but was unable to catch him. Deputy Imbronone several times ordered the passenger, the defendant, to exit the vehicle. Finally, Deputy Imbronone saw the defendant lean over toward the floor, then exit the vehicle. He observed a gun lying on the floor of the passenger side of the vehicle. Defendant was placed under arrest.
Defendant testified that he did not know the driver of the vehicle, but had only seen him that night at a store and had asked him for a ride home. The driver agreed to give him a ride home after dropping off another passenger. When that person, riding in the passenger seat, left the vehicle, defendant testified that he moved up to the front passenger seat. Defendant admitted that a high speed chase ensued. He also stated that he was ordered out of the vehicle by the deputy. However, he said that he did not lean over and that he did not know anything about the gun.
Defendant waived his right to a jury trial. Trial was held on January 7, 1998 and the trial judge found defendant guilty of being a felon in possession of a firearm. On March 30, 1998 defendant was sentenced to 10 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. The sentence was ordered to run concurrent with another sentence from a crime of which defendant was convicted in New Orleans, Louisiana. It is from this conviction and sentence that defendant appeals.
On appeal defendant assigns one error, that the state presented insufficient evidence to prove beyond a reasonable doubt that he possessed a firearm.
The elements of the offense of possession of a firearm by a convicted felon (La. R.S. 14:95.1) are possession of a firearm, prior conviction of an enumerated felony,[1] ten years not having elapsed since completion of the sentence and general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983). Actual possession of a firearm is not necessary to satisfy the possessory element of La. R.S. 14:95.1. Constructive *564 possession is sufficient to satisfy the element of possession. State v. Francis, 95-194 (La.App. 5th Cir. 11/28/95), 665 So.2d 596; State v. Fisher, 94-2255 (La.App. 1st Cir. 12/15/95), 669 So.2d 460. A person is in constructive possession of a thing if it is subject to his dominion and control. State v. Francis, supra. A person's dominion over a weapon constitutes constructive possession, even if it is only temporary in nature and even if control is shared. State v. Wesley, 28,941 (La.App. 2nd Cir. 12/13/96), 685 So.2d 1169, writ denied, 97-0279 (La.10/10/97), 703 So.2d 603. Defendant contends that the state did not prove the element of possession.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir. 1990), writ denied, 569 So.2d 968 (La.1990).
In this case, the evidence viewed in the light most favorable to the prosecution, established that the vehicle in which defendant was a passenger had been the subject of a carjacking. A high speed chase ensued with the vehicle striking a parked car and then a telephone pole. Defendant was ordered out of the vehicle several times before he exited the vehicle. Before doing so, he leaned over toward the floor of the vehicle. A gun was found on the floor, on the passenger side of the vehicle, precariously placed in a manner, as argued by the state, that would not have resulted from the jostling of the chase. Further, a jacket to a jogging suit, which matched the jogging pants defendant was wearing, was found in a yard not far from the scene. Officer Clogher testified that the driver had the jacket on when he ran from the vehicle. This evidence was presented to rebut defendant's assertion that he did not know the driver by showing that they were sharing clothes.
Based on the foregoing, we find that there was ample evidence from which the trial judge could reasonably conclude, beyond a reasonable doubt, that defendant had possession of the firearm. We find no merit in this assignment of error.
We have reviewed this case for errors patent and find that the trial court erred in failing to properly advise defendant of the prescriptive period for post conviction relief.
Paragraph C of La.C.Cr.P. art. 930.8 instructs the trial judge to inform defendant at the time of sentencing of the prescriptive period for post conviction relief.
In the present case, when the trial judge sentenced defendant on March 30, 1998 to ten years in prison the defendant was advised that he had "three years from today's date to seek post-conviction relief...." The defendant should have been specifically advised that he had three years after the judgment of conviction and sentence becomes final. State v. Carter, 96-358, p. 14 (La.App. 5th Cir. 11/26/96), 685 So.2d 346, 354.
Therefore, we instruct the trial court to send appropriate written notice to defendant of the exact statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See, State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, for the reasons set out above, defendant's conviction for possession of a firearm by a convicted felon and his sentence to 10 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence are affirmed. The case is remanded to the trial court to provide proof in the record of defendant's receipt of appropriate notice, under La.C.Cr.P. art. 930.8, of the prescriptive period for post conviction relief.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED.
NOTES
[1] The defendant stipulated at trial that he was a convicted felon as defined by La. R.S. 14:95.1, the statute under which he was charged.