738 So.2d 55 (1999)
STATE of Louisiana
v.
Kirk LAMOTHE and Terence McNabb.
No. 97-KA-1113.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, Louisiana, Dwight Doskey, P.L.C., New Orleans, Louisiana, for defendant-appellant.
Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, George C. Wallace, Jr., Assistant District Attorneys, Gretna, Louisiana, for plaintiff-appellee.
Court composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and JAMES L. CANNELLA.
GRISBAUM, Judge.

PROCEDURAL HISTORY
This matter previously came before us on appeal wherein defendants, Kirk Lamothe *56 and Terence McNabb, both appealed their convictions of possession of a firearm by a convicted felon, La. R.S. 14:95.1. We found the State presented insufficient evidence to support both defendants' convictions; therefore, we reversed both convictions. State v. Lamothe, 97-1113 (La. App. 5th Cir. 6/30/98), 715 So.2d 708, cert. granted, case remanded by State v. Lamothe, 98-2056 (La.11/25/98), 722 So.2d 987. The State applied for writs of certiorari to the Louisiana Supreme Court. In a per curiam opinion issued on November 25, 1998, the Louisiana Supreme Court denied the writ as to defendant, Kirk Lamothe, but it granted the writ as to defendant, Terence McNabb. The supreme court remanded this matter to us with instructions to reconsider the sufficiency of the evidence with respect to Terence McNabb. We reverse the conviction and vacate the sentence of McNabb, as previously held.

LAW AND ANALYSIS
To convict a defendant of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt the possession of a firearm, a previous conviction of an enumerated felony, that ten years have not elapsed since completion of the sentence, and general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983). We recognized that constructive possession is sufficient to satisfy the possession element of La. R.S. 14:95.1 but that mere presence in an area where a firearm is found, or mere association with an individual found to be in possession of a firearm, does not necessarily establish possession. Lamothe, supra. We also determined that the State must also prove that the defendant was aware that a firearm is in his presence and that he had the general criminal intent to possess the weapon. Id.
The State argued that McNabb had constructive possession of the gun because the gun was under the driver's seat within McNabb's reach, dominion, and control. However, the gun was not found in the car but on the ground near the car. Nevertheless, the only evidence the State presented to place the gun within the possession of McNabb was through a statement provided by Kirk Lamothe. We found that the statement in which Lamothe admitted to have taken the gun from under the seat of the car was violative of McNabb's confrontational rights and would not have been admissible if used against McNabb had a separate trial occurred. Therefore, we concluded that the trial court erred in admitting this statement at defendants' joint trial. Without this statement, there was insufficient evidence to convict either defendant. Ergo, we reversed both defendants' convictions.
The Louisiana Supreme Court has ordered us to reassess the sufficiency of the evidence as to McNabb and to include this statement in our review. Specifically, the supreme court has instructed us:
"[T]o consider whether Lamothe's statement in addition to the other evidence presented at trial supported the jury's verdict. If the appellate court finds that the totality of the evidence presented satisfied the Jackson standard, it must determine whether the trial court erred in admitting Lamothe's statement against McNabb and, if so, whether the court's error requires reversal of his conviction or was harmless. Schneble v. Florida, 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972) (`In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.')"
State v. Lamothe, 98-2056 (La.11/25/98), 722 So.2d 987.
We conclude that, even with this statement, all of the evidence introduced is still insufficient to support the jury's verdict. Specifically, the State failed to prove the *57 elements of possession, intent, and awareness.
Lamothe's statement is the only evidence that placed the gun in the car with the defendants because the gun was not found in the car. It was found on the ground near the car. Lamothe maintained that he knew the gun was under the seat prior to the shooting, and, when asked whether McNabb had told him the gun was there, Lamothe responded, "I just knew he had it." Lamothe further stated that the gun was under the front seat "on the hump" and that it was visible "if you look good enough." Lamothe's statement merely places the gun in the car with McNabb. However, as stated above, mere presence in an area where a firearm is found, or mere association with an individual found to be in possession of a firearm, does not necessarily establish possession.
McNabb may have been in a position to exercise dominion and control over the weapon, but Lamothe's statement fails to indicate that McNabb was aware the gun was in the car and fails to prove McNabb's intent to possess the gun. McNabb's own statement to the police denies any knowledge of the gun. Deputy William Meetze, who recovered the gun, testified he found the gun on the ground near the car. None of the State's witnesses saw McNabb in possession of the gun. McNabb's mother, Judy Lutcher, testified that the car and the gun both belonged to her and that she had left the gun under the seat of the car. Although she stated that McNabb and his brother had found the gun in her car on prior occasions, her testimony, by itself, does not establish that McNabb knew the gun was there on the day of the incident.
We conclude that, even considering Lamothe's statement with the rest of the evidence, the totality of the evidence presented does not satisfy the Jackson standard. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When viewed in the light most favorable to the State, the evidence does not prove beyond a reasonable doubt that the gun was present in the car, that McNabb was aware that the gun was in the car in which he was driving, or that McNabb had the intent to possess the gun. Thus, we reverse the conviction and vacate the sentence of McNabb, as we previously held. State v. Lamothe, 97-1113 (La.App. 5th Cir. 6/30/98), 715 So.2d 708, cert. granted, case remanded by State v. Lamothe, 98-2056 (La.11/25/98), 722 So.2d 987.
For the reasons assigned, the defendant's conviction is reversed and sentence is vacated.
REVERSED AND VACATED.