STATE OF LOUISIANA
v.
SAMUEL SIMS, JR.
No. 2007 KA 0786.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
HON. CAMILE MORVANT, District Attorney, PETER J. ROUSSE, Assistant District Attorney, Attorneys for State of Louisiana.
BERTHA M. HILLMAN, Attorney for Defendant-Appellant, Samuel Sims, JR.
SAMUEL SIMS, JR. Defendant-Appellant, Pro Se.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
The defendant, Samuel Sims, Jr., was charged by bill of information with possession with intent to distribute cocaine (count one), a violation of La. R.S. 40:967, possession of a firearm by a convicted felon (count two), a violation of La. R.S. 14:95.1, and simple escape (count three), a violation of La. R.S. 14:110. He pled not guilty to all counts. A nolle prosequi was entered as to count three. Following a trial by jury, the defendant was convicted as charged on counts one and two. The trial court sentenced the defendant to imprisonment at hard labor for fifteen years on each count, with the sentences to be served consecutively. Finding count two to be a "crime of violence," the trial court denied diminution of sentence for good behavior on count two. The defendant moved for reconsideration of the sentences. The trial court denied the motion. The defendant now appeals, urging the following assignments of error by counseled and pro se briefs:
Counseled:
1. There was insufficient evidence to convict the defendant of possession of a firearm by a convicted felon.
2. There was insufficient evidence to convict the defendant of possession of cocaine.
3. The court erred in denying the defendant's motion to suppress evidence.
Pro se:
1. [Defendant's] constitutional right to have a fair trial ... was violated when his past crimes were presented to the jury and were used against him.
2. Whether the trial court during sentencing failed to comply with the mandatory provisions of Louisiana Code of Criminal Procedure art 894.1.
For the reasons that follow, we affirm the defendant's conviction and sentence on count one. We reverse the conviction and sentence on count two.

FACTS
On March 17, 2006, Deputy Jason Cornish of the Lafourche Parish Sheriffs Office was traveling on La. Highway 316 in Lafourche Parish when the defendant made a U-turn in front of his vehicle. Deputy Cornish was forced to "slam" on his brakes to avoid a collision. Deputy Cornish attempted to stop the defendant by engaging the emergency lights and siren on his marked police vehicle. The defendant accelerated the vehicle and led Deputy Cornish on a high-speed chase (for approximately two miles) into Terrebonne Parish. The defendant was "swerving in and out of traffic" and failed to utilize turn signals or stop for any red traffic lights during the chase. The defendant eventually stopped the vehicle at a driveway in Al's Trailer Park.
At Deputy Cornish's direction, the defendant exited the vehicle. The defendant's hands were in his pockets. When the defendant failed to remove his hands from his pockets after having been ordered to do so, Deputy Cornish drew his weapon and approached. The defendant was secured in double-locked handcuffs with his arms behind his back. Deputy Cornish conducted a pat-down search for weapons and placed the defendant in the rear of Captain Paul Lefort's police unit.[1]
Deputy Cornish then returned to the vehicle the defendant had been driving and observed, in plain view on the passenger seat, an opened bottle of vodka. Deputy Cornish returned to the police unit, read the defendant his Miranda rights and informed him that he was under arrest for flight from an officer and violation of the open-container law.
During a subsequent search of the vehicle, a .40 caliber handgun was found under the driver's seat. When Deputy Cornish returned to the police unit to speak with the defendant regarding the gun, he noticed that the driver's side rear window was down and the defendant was no longer in the vehicle. The defendant had escaped. Inside the unit, Deputy Cornish discovered a crack cocaine "cookie" (approximately 12.2 grams) on the floor. The broken door handle was also found on the floor.
The Terrebonne Parish Sheriffs Office was contacted to assist in the search for the defendant. The defendant was subsequently found hiding inside a nearby abandoned trailer.
The defendant stipulated that he had prior convictions for illegal use of a weapon and attempted distribution of cocaine.

COUNSELED ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant argues there was insufficient evidence to support the jury's finding that he possessed the firearm. Specifically, he argues that the circumstantial evidence of constructive possession is insufficient.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La. Code Crim. P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988). When circumstantial evidence is used to prove the commission of an offense, La. R.S. 15:438 requires that assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. See State v. Wright, 98-0601, p. 2 (La. App. 1 Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157, XXXX-XXXX (La. 11/17/00), 773 So.2d 732. This is not a separate test to be applied when circumstantial evidence forms the basis of a conviction; all evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609, p. 12 (La. 10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).
When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. State v. Moten, 510 So.2d 55, 61 (La. App. 1 Cir.), writ denied, 514 So.2d 126 (La. 1987).
Louisiana Revised Statutes 14:95.1 makes it unlawful for any person who has been convicted of certain felonies to possess a firearm. To prove a violation of La. R.S. 14:95.1, the State must prove 1) the defendant's status as a convicted felon; and 2) that the defendant was in possession of a firearm. See State v. Mose, 412 So.2d 584, 585 (La. 1982). The State must also prove that ten years have not elapsed since the date of completion of the punishment for the prior felony conviction. La. R.S. 14:95.1(C)(1).
The first element of the offense was established through a stipulation reflecting that, on September 13, 2001, the defendant was convicted of illegal use of a weapon and attempted distribution of cocaine. Clearly, these convictions fell within the ten-year statutory limitation period. On appeal, the defendant does not challenge his status as a convicted felon or the absence of the ten-year statutory limitation period. The specific issue raised by the defendant is whether the State proved that he possessed the requisite intent to possess the firearm either through actual possession or through constructive possession.
Louisiana Revised Statutes 14:95.1 does not make "actual" possession a necessary element of the offense or specifically require that the defendant have the firearm on his person to be in violation. "Constructive" possession satisfies the possessory element of the offense. State v. Day, 410 So.2d 741, 743 (La. 1982). Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. State v. Plain, 99-1112, pp. 3-4 (La. App. 1 Cir. 2/18/00), 752 So.2d 337, 340-341 (constructive possession found where the defendant admitted to having the weapon underneath the mattress in his bedroom, the defendant then led officers to his bed and pointed out the location of the weapon, and the police recovered a weapon from the area the defendant had pointed out); Mose, 412 So.2d at 585-586 (gun located in the defendant's bedroom sufficient for constructive possession); State v. Frank, 549 So.2d 401, 405 (La. App. 3 Cir. 1989) (constructive possession found where the gun was in plain view on the front seat of a car the defendant was driving but did not own); State v. Lewis, 535 So.2d 943, 950 (La. App. 2 Cir. 1988), writ denied, 538 So.2d 608 (La. 1989), cert. denied, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 370 (1989) (presence of firearms in the defendant's home, statement by the defendant that one gun belonged to his wife, and discovery of shoulder holster in the master bedroom indicated the defendant's awareness, dominion, and control over the firearms). Louisiana cases hold that a defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary and even if the control is shared. Plain, 99-1112 at 3, 752 So.2d at 340; State v. Bailey, 511 So.2d 1248, 1250 (La. App. 2 Cir. 1987), writ denied, 519 So.2d 132 (La. 1988); State v. Melbert, 546 So.2d 948, 950 (La. App. 3 Cir. 1989). In addition, our jurisprudence has added an aspect of awareness to the offense of La. R.S. 14:95.1. State v. LaMothe, 97-1113, p. 8 (La. App. 5 Cir. 6/30/98), 715 So.2d 708, 712 writ granted in part on other grounds, 98-2056 (La. 11/25/98), 722 So.2d 987 (per curiam). Therefore, the State must also prove that the offender was aware that a firearm was in his presence and that the offender had the general criminal intent to possess the weapon. Mere presence of a defendant in the area of the contraband or other evidence seized alone does not prove that he exercised dominion and control over the evidence and therefore had it in his constructive possession. State v. Johnson, XXXX-XXXX, p. 7 (La. 4/14/04), 870 So.2d 995, 999 (finding the circumstantial evidence sufficient to support the defendant's conviction of possession of a firearm by a convicted felon). See also State v. Walker, 369 So.2d 1345, 1346 (La. 1979).
Whether the proof is sufficient to establish possession turns on the facts of each case. See State v. Harris, 94-0970, pp. 3-4 (La. 12/8/94), 647 So.2d 337, 338-39 (per curiam); State v. Bell, 566 So.2d 959-960 (La. 1990) (per curiam). Further, guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence. Johnson, XXXX-XXXX at 5, 870 So.2d at 998.
In State v. Fisher, 94-2255 (La. App. 1 Cir. 12/15/95), 669 So.2d 460, writ denied, 96-0958 (La. 9/20/96), 679 So.2d 432, this court held that the evidence was insufficient to prove the defendant had the general intent to possess a gun found in his sister's purse after a search of the vehicle the defendant was driving. Although the clip was found in the defendant's pocket, the sister's purse was located on the front passenger's seat floorboard and the sister produced proof that she was the gun's registered owner. This court concluded that the evidence disclosed no intent to possess the gun, but only a mere acquiescence to the fact that the defendant's sister owned a gun and had it in her purse. Fisher, 94-2255 at 4-5, 669 So.2d at 462.
In State v. Lamothe, 97-1113 (La. App. 5 Cir. 6/1/99), 738 So.2d 55, a statement of the codefendant placed the gun in the car with the defendant. However, the evidence failed to indicate that the defendant was aware the gun was in the car and failed to prove the defendant's intent to possess the gun. The defendant denied knowledge of the gun in a statement to the police. The deputy who recovered the gun testified that he found it on the ground near the car. The defendant's mother testified that the car and the gun belonged to her and that she had left the gun under the seat of the car. The court found that the evidence did not support the conviction for possession of a firearm by a convicted felon. Lamothe, 97-1113 at 4, 738 So.2d at 57.
In State v. Smith, 98-0366 (La. App. 4 Cir. 5/12/99), 744 So.2d 73, the defendant was pulled over for speeding. A weapon was found under the driver's seat of the vehicle and was not in plain view. The owner of the vehicle, the defendant's mother, testified that she did not own the gun and had never seen it. The owner further testified that she had allowed several people to use the vehicle. The defendant's passenger testified that she did not become aware of the gun until it was produced during the search. The defendant did not have any ammunition on his person. The court found that the evidence did not support a conviction of being a convicted felon in possession of a firearm. Smith, 98-0366 at 8, 744 So.2d at 77.
In the instant case, although we have considered the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could not have concluded beyond a reasonable doubt that the State proved the essential elements required to convict the defendant of illegal possession of a firearm by a convicted felon. Because the gun was not found on the defendant's person, to convict, the State was required to prove constructive possession. The testimony elicited at the defendant's trial failed to prove awareness and intent, essential elements of constructive possession. There was absolutely no evidence to link the defendant to the firearm aside from his mere presence in the vehicle. According to the officers, the weapon was found under the driver's seat and was not in plain view. Defense witness Frank Sims, the defendant's uncle and owner of the vehicle, testified that the weapon belonged to him. Frank Sims further testified that he placed the gun under the seat of the car and forgot it was there. He testified that he did not tell the defendant that the gun was in the vehicle.
When viewed in the light most favorable to the State, the evidence does not prove beyond a reasonable doubt that the defendant was aware that the gun was in the vehicle in which he was driving or that the defendant had intent to possess the gun. The State presented no evidence to controvert the defense theory that the defendant was unaware of the gun's presence in the vehicle. As stated above, the defendant's mere presence in the area where the handgun was found, without more, is insufficient to prove guilty knowledge. The only indication of possible guilty knowledge was the defendant's flight from the officers. However, this flight could reasonably be explained as the defendant's attempt to avoid apprehension for the cocaine he possessed. Thus, we find the State failed to prove, beyond a reasonable doubt, that the defendant had constructive possession of the firearm.
Accordingly, we reverse the defendant's conviction for illegal possession of a firearm by a convicted felon and his sentence of fifteen years at hard labor for that crime.

COUNSELED ASSIGNMENT OF ERROR NUMBER TWO
By his second assignment of error, the defendant challenges the sufficiency of the evidence in support of the possession with intent to distribute cocaine conviction. Specifically, he asserts the State failed to prove the cocaine found in the police unit belonged to him.
The crime of possession with intent to distribute cocaine is defined as follows: "it shall be unlawful for any person knowingly or intentionally ... [t]o ... possess with intent to... distribute ... a controlled dangerous substance ... classified in Schedule II[.]" La. R.S. 40:967(A)(1). Thus, in order to support a conviction, the State must prove beyond a reasonable doubt that the defendant possessed the drug with the intent to distribute it. The prosecution is not required to prove actual possession, but needs only to show the defendant exercised dominion or control over the illegal substance. Walker, 369 So.2d at 1346.
The State's evidence included Deputy Cornish's testimony that he found the crack cocaine cookie on the back floor of Captain Lefort's police unit shortly after the defendant escaped from the vehicle. Captain Lefort testified that the cocaine was not in his vehicle prior to the defendant being placed there. He explained that he had not transported any other subjects that day and, per standard police procedure, he thoroughly checked the passenger compartment of his police vehicle before beginning his shift. He physically removed the entire backseat to assure that no contraband had been left behind.
This unrefuted testimony supports the jury's verdict of possession of cocaine with intent to distribute. The facts and circumstances support the inference that the defendant either inadvertently dropped the crack cocaine cookie as he escaped from the police vehicle, or he discarded it onto the floor of the police vehicle in an effort to avoid detection because of his guilty knowledge that he was in possession of the illegal substance.
Viewed in the light most favorable to the prosecution, the evidence presented was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime of possession of cocaine with intent to distribute. The assignment of error lacks merit.

COUNSELED ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, the defendant contends the trial court erred in denying his motion to suppress. Specifically, he argues that the search of his vehicle was illegal as it was not pursuant to any of the exceptions to the warrant requirement.
It is well settled that a search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Thompson, XXXX-XXXX, p. 6 (La. 4/9/03), 842 So.2d 330, 335. When the constitutionality of a warrantless search or seizure is placed at issue by a motion to suppress the evidence, the State bears the burden of proving the admissibility of any evidence seized without a warrant. La. Code Crim. P. art. 703(D). Such exceptions to the warrant requirement include a search incident to a lawful arrest and the plain-view doctrine. See State v. Barrett, 408 So.2d 903, 904 (La. 1981); State v. Stephens, 40,343, p. 4 (La. App. 2 Cir. 12/14/05), 917 So.2d 667, 672, writ denied, XXXX-XXXX (La. 9/22/06), 937 S0.2d 376.
After making an arrest, an officer has the right to much more thoroughly search a defendant and his wingspan, or lunge space, for weapons or evidence incident to a valid arrest. State v. Sanders, 36,941, p. 2 n.1 (La. App. 2 Cir. 4/11/03), 842 So.2d 1260, 1263 n.1, writ denied, XXXX-XXXX (La. 5/14/04), 872 So.2d 516. In Chimel v. California, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), the United States Supreme Court held that where an arrestee was arrested in his home, the scope of a search incident to a lawful arrest was the person of the arrestee and the area immediately surrounding him. This rule was justified by the need to remove any weapon the arrestee might seek to use to resist arrest or to escape, and the need to prevent the concealment or destruction of evidence. Chimel, 395 U.S. at 763, 895 S.Ct. at 2040.
In New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981), the Supreme Court further elucidated the ruling in Chimel, stating that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (Footnotes omitted.)
In Thornton v. U.S., 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), the Supreme Court upheld a warrantless search of a car incident to a lawful arrest where the officer initiated contact with the arrestee after he exited his vehicle. At the time of the search, the arrestee was handcuffed and in the back of the patrol car. In Thornton, the Supreme Court stated that, "There is simply no basis to conclude that the span of the area generally within the arrestee's immediate control is determined by whether the arrestee exited the vehicle at the officer's direction, or whether the officer initiated contact with him while he remained in the car." Thornton, 541 U.S. at 620-621, 124 S.Ct. at 2131. The Supreme Court further stated:
To be sure, not all contraband in the passenger compartment is likely to be readily accessible to a "recent occupant." It is unlikely in this case that petitioner could have reached under the driver's seat for his gun once he was outside of his automobile. But the firearm and the passenger compartment in general were no more inaccessible than were the contraband and the passenger compartment in Belton. The need for a clear rule, readily understood by police officers and not depending on differing estimates of what items were or were not within reach of an arrestee at any particular moment, justifies the sort of generalization which Belton enunciated. Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment.
Thornton, 541 U.S. at 622-23, 124 S.Ct. at 2132. (Footnote omitted).
Louisiana Code of Criminal Procedure article 201 defines an arrest as follows: "Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him." An arrest occurs when circumstances indicate an intent to effect an extended restraint on the liberty of an accused, rather than at the precise time an officer tells an accused he is under arrest. State v. Commodore, 418 So.2d 1330, 1333 (La. 1982); State v. Wichers, 392 So.2d 419, 423 (La. 1980).
In the instant case, the defendant was lawfully stopped after committing multiple traffic violations and then lawfully placed under arrest for violation of the open-container law and flight from the police. Thus, the search of the passenger compartment of the vehicle he was driving was valid. Deputy Cornish was justified in stopping the defendant after observing him perform a careless traffic maneuver. Once the defendant was finally stopped and secured, Deputy Cornish then observed the opened container in the vehicle. At this point, the defendant was placed under arrest. It was only then that Deputy Cornish returned and conducted the search of the passenger compartment of the vehicle. Such a search is clearly allowed by Belton and Thornton. It is of no moment that the defendant was handcuffed and secured in the back of the police vehicle at the time of the search. We note that the same circumstances existed in Thornton and did not render the search illegal.
The defendant has failed to demonstrate that the search in this case violated his constitutional rights in any way. The trial court correctly denied the defendant's motion to suppress.

PRO SE ASSIGNMENT OF ERROR NUMBER ONE
In his first pro se assignment of error, the defendant argues that he was unfairly prejudiced by the introduction of information regarding his past convictions. Citing State v. Skipper, 2004-2137 (La. 6/29/05), 906 So.2d 399, he asserts the introduction of evidence of the prior convictions before the jury at trial was highly prejudicial and deprived him of his right to a fair trial.
At the outset, we note that the defendant never objected to the inclusion of the prior convictions in the bill of information as elements of the crime. In fact, at the trial, the defense stipulated to the existence of the prior convictions. However, even if the defendant had objected, the objection would not have been sustained since the prior convictions were elements of the La. R.S. 14:95.1 charge and were required to be alleged in the bill of information and proven at trial. In State v. Ball, 99-0428 (La. 11/30/99), 756 So.2d 275, a prosecution for possession of a firearm by a convicted felon, the Supreme Court held that the State could introduce evidence of the name and nature of the defendant's prior conviction of simple burglary of an inhabited dwelling, even though the defendant had offered to stipulate that he had been convicted of a prior felony. The court reasoned that proof of one of the enumerated felonies was an essential element of the crime proscribed by La. R.S. 14:95.1. Furthermore, the court stated that the convicted felon's specific prior offense was absolutely necessary to fully charge the offense of possession of a firearm by a convicted felon and, therefore, must be contained in the charging instrument and read to the jury. Ball, 99-0428 at 9, 756 So.2d at 280.
Moreover, the defendant's reliance on Skipper is misplaced. In Skipper, the defendant filed a pretrial motion to quash the bill of information charging him with a second drug offense under La. R.S. 40:982. The defendant argued that by placing the fact of his prior drug conviction in the bill of information, reading that charge to the jury, and presenting evidence of that prior conviction to the jury at the trial, the State would violate his constitutional rights. The trial court granted the motion to quash, and the State sought review with the Louisiana Supreme Court. The court ruled:
[W]e hold that La. RS. 40:982 should be treated as a sentencing enhancement provision after conviction, like La. R.S. 15:529.1, and not as a substantive element of the presently-charged offense. Specifically, the allegations of the prior offense must not be placed in the charging instrument of the second or subsequent drug-related offense nor may evidence of the prior offense be presented to the jury determining the defendant's guilt or innocence in the trial of the second or subsequent drugrelated offense for the purpose of sentence enhancement under La. R.S. 40:982.

State v. Murray, 357 So.2d 1121 (La. 1978), and any appellate decisions, as discussed herein, which stand for the proposition that a prior conviction must be placed in the charging instrument of the second or subsequent drug-related offense or proved to the jury in order to enhance the sentence of a drug-related felony under La. R.S. 40:982, are hereby overruled. (Emphasis added).
Skipper, 2004-2137 at 25, 906 So.2d at 416-17 (emphasis added).
Clearly, the Skipper ruling applied only to La. R.S. 40:982 and had no effect on La. R.S. 14:95.1. Finding the Skipper ruling inapplicable to the instant case, we find no error in the inclusion of prior convictions in the bill of information or the introduction of evidence of those convictions before the jury at the defendant's trial.

PRO SE ASSIGNMENT OF ERROR NUMBER TWO
In his final pro se assignment of error, the defendant contends the trial court failed to comply with La. Code Crim. P. art. 894.1 in imposing the sentence. He claims the trial court failed to consider any mitigating circumstances. Specifically, he alleges that the trial court failed to consider his personal history, his employment history, or his family ties.
Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). Generally, a sentence is considered excessive if it is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266, 267 (La. 1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La. 1982).
The Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. La. Code Crim. P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La. App. 1 Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. Remand is unnecessary when a sufficient factual basis for the sentence is shown. See Lanclos, 419 So.2d at 478.
Prior to imposing sentence in this case, the court considered the defendant's criminal history particularly noting that he was twice convicted of charges that dealt with the use of a weapon and had several drug-related convictions. The court also noted that the defendant was on probation when he committed the instant offenses. The court then specifically noted its consideration of the items in Article 894.1. Demonstrating compliance with the sentencing guidelines, the court concluded that the defendant needed correctional treatment in a custodial environment, and that any lesser sentences would deprecate the seriousness of the crimes.
Considering the reasons stated by the trial court and based on the entire record before us, we find no abuse of discretion by the trial court in sentencing the defendant. Contrary to the defendant's claim, the sentence for possession with intent to distribute cocaine is neither grossly disproportionate to the severity of the crime, in light of the harm to society, nor so disproportionate as to shock our sense of justice. Furthermore, although the trial court did not articulate, in detail, every factor considered in imposing sentence, we find that the record in this case adequately supports this sentence. The sentence on count one is not a purposeless and needless infliction of pain and suffering. Accordingly, this assignment of error lacks merit.
For the foregoing reasons, the defendant's conviction and sentence on count one are affirmed. We reverse the conviction and sentence on count two and order the defendant discharged on this offense only.
CONVICTION AND SENTENCE ON COUNT ONE AFFIRMED; CONVICTION AND SENTENCE ON COUNT TWO REVERSED AND THE DEFENDANT ORDERED DISCHARGED AS TO COUNT TWO ONLY.
CARTER, C.J., AGREES WITH THE AFFIRMATION OF THE CONVICTION AND SENTENCE ON COUNT I; AND DISSENTS FROM THE REVERSAL OF THE CONVICTION ON COUNT II.
Whether the proof is sufficient to establish possession of a firearm for purposes of LSA-R.S. 14:95.1 turns on the facts of each case. Guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence. State v. Johnson, 03-1228 (La. 4/14/04), 870 So.2d 995, 998. The jury concluded the defendant was guilty of possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. In my opinion, it is inappropriate for this court to substitute its own appreciation of the evidence for that of the trier of fact. For these reasons, I respectfully dissent from the reversal of the defendant's conviction on Count
NOTES
[1] Captain Paul Lefort was one of several Lafourche Parish Sheriffs Officers who arrived at the scene in response to Deputy Cornish's request for back-up assistance during the pursuit.