562 So.2d 1192 (1990)
STATE of Louisiana
v.
David D. WRIGHT.
No. 90-KA-78.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1990.
*1193 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Martha E. Sassone, Gretna, for defendant/appellant.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, David Wright, was charged by bill of information on July 27, 1989 with possession of a controlled dangerous substance, cocaine, under LSA-R.S. 40:967. After a motion to suppress evidence was denied, the defendant withdrew his former plea of not guilty and pled guilty as charged under the terms of LSA-R.S. 40:983 (conditional discharge for possession as first offense), and reserved his right to appeal the denial of his motion to suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced Wright to imprisonment in the parish prison for three years; however, the sentence was suspended and the defendant was placed on active probation for one year. The conditions of probation were that he must pay a $500.00 IDB fine and $50.00 CDS fine plus court costs, perform 150 hours of community service, and that his driver's license be suspended for 30 days. Defendant now appeals the denial of the motion to suppress.
The defendant made the following assignments of error: 1) the trial court erred in denying the motion to suppress the evidence; and 2) any and all errors patent on the face of the record.
The motion to suppress was heard on October 12, 1989. The only witness, Deputy Michael Adams of the Jefferson Parish Sheriff's Office, testified that he was attached to the street crimes special task force, which routinely patrolled known drug areas, checking out the persons congregating in those areas several times each night. On the night of June 10, 1989, he and several other deputies stopped their cars near the corner of Estalotte and Normand Streets. Adams noticed the defendant standing beside a car parked on Normand Street and thought he saw him put something in it. He explained:
When we pulled up, there was about seven subjects out there; five, seven. The subject was standing by a car, a blue Chevrolet. He was leaning by the door. I couldn't tell if he put anything in the car or not at the time, but he looked very suspicious. So, when we stopped we got everybody on the car; we patted everybody down for a normal weapons pat. We went over and checked the car, and we found a .380 automatic laying on the floor and a small clear bag with three rocks in it which we expected to be crack cocaine.
He then returned to Wright and handcuffed him. On cross examination Adams said that Wright turned around and started walking the other way when he saw the officer getting out of his car. The window was down on the driver's side of Wright's car and the door was unlocked. Adams *1194 looked into the car with his flashlight and spotted the gun and packet on the floor on the driver's side. He removed the items from the car without seeking a search warrant and before he placed the defendant under arrest. Testing of the "rocks" indicated they were in fact cocaine.

Assignment of Error Number One: The trial court erred in denying defendant's motion to suppress the evidence.
Our Supreme Court said in State v. Wilkens, 364 So.2d 934, 936 (La.1978):
... A warrantless search is unreasonable and violates state and federal constitutions unless the prosecution can justify the search by one of the narrowly drawn exceptions to the warrant requirement. U.S. Const. amend. IV; La. Const. art. I, § 5. See, Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Fearn, 345 So.2d 468 (La.1977).
We note at the outset that in the case before us the seizure of the cocaine was not incident to a lawful arrest, as Wright was arrested after the contraband was found. In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), it was held that the police may stop and detain a person for investigative purposes if the officer has reason to suspect that criminal activity may be afoot and the person may be armed and dangerous. The officer may conduct a limited search of the person's outer clothing to discover weapons. In U.S. v. Sokolow, ___ U.S. ___, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) the court set out the criteria for a Terry stop as follows:
The officer, of course, must be able to articulate something more than an "inchoate and unparticularized suspicion or `hunch'." Id., at 27, 88 S.Ct., at 1883. The Fourth Amendment requires "some minimal level of objective justification" for making the stop. INS v. Delgado, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984). That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. We have held that probable cause means "a fair probability that contraband or evidence of a crime will be found," Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), and the level of suspicion required for a Terry stop is obviously less demanding than that for probable cause. See United States v. Montoya de Hernandez, 473 U.S. 531, 544, 105 S.Ct. 3304, 3312, 87 L.Ed.2d 381 (1985).
The concept of reasonable suspicion, like probable cause, is not "readily, or even usefully, reduced to a neat set of legal rules." Gates, supra, 462 U.S., at 232, 103 S.Ct., at 2329.... In evaluating the validity of a stop such as this, we must consider "the totality of the circumstancesthe whole picture," United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)....
In the case before us Deputy Adams was an experienced officer, having been attached to the sheriff's office for ten years and to the street crimes unit task force for three years. Because the defendant was standing around in a known drug area at night, attempted to walk away from the police, and looked nervous, we find that the officer had reasonable suspicion to justify a Terry stop. As Adams believed he saw the defendant putting something into the car, he was entitled to investigate by looking into the car with his flashlight. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); State v. Parker, 355 So.2d 900 (La.1978). We note also that if a vehicle is parked on a public street, an officer may stand beside it and look into the vehicle as may any member of the public. State v. Dixon, 391 So.2d 836 (La.1980).
Having viewed the gun and plastic bag containing "rocks," Deputy Adams was authorized to enter Wright's car and seize the items under the automobile exception to the Fourth Amendment's search warrant requirement. Two conditions must be met before a warrantless seizure of evidence from a movable vehicle may be made under the exception: (1) there must be probable cause to believe the vehicle contains contraband or evidence of a crime; and (2) there must be exigent circumstances requiring an immediate warrantless *1195 search. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Texas v. Brown, supra. The first condition probable cause was met when Adams saw the evidence on the floor of the car.
The second condition, "exigent circumstances," exists when the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Chambers v. Maroney, supra. In this case, the vehicle was unlocked and parked on a public street, in an area of drug activity where it was highly accessible to the public. The presence of a dangerous weapon in the car added an additional exigent circumstance. Consequently, the officers could not abandon the vehicle and they are not required to guard a vehicle until a search warrant can be obtained. State v. Guzman, 362 So.2d 744 (La.1978).
For the reasons discussed above, we find that seizure of the evidence from the defendant's automobile was lawful and the trial judge did not err in denying his motion to suppress.
Assignment of Error Number Two: errors patent.
Our review of the record reveals no errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.