WICKER, Judge.
Carl Fultz appeals a conviction for violation of La.R.S. 40:967 C, possession of cocaine, resulting from his guilty plea. He reserved his right to appeal the judge’s denial of his motion to suppress evidence under State v. Crosby, 338 So.2d 584 (La.1976); and this is the only assignment of error. We affirm.
Unreasonable searches and seizures are prohibited by both the United States and Louisiana constitutions. U.S. Const. Amend. 4; La.R.S. Const. Art. I, Sec. 5. However, there are exceptions to the warrant requirement, such as that articulated in Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), which permits a police officer to conduct a protective search of an automobile
when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect.
At 1049, 3481. The test in all such eases is whether the policeman’s conduct is reasonable under the circumstances.
Officer James E. Wright testified at the suppression hearing that Fultz was stopped for speeding and not having a license plate.
My partner and I were proceeding northbound on Manhattan Boulevard and we noticed a white over greenish blue Cadillac doing approximately fifty-eight miles per hour in a thirty-five mile per hour zone. We then stopped the vehicle and upon exiting the vehicle, I recognized the driver, a Carl Fultz, and also a Mr. Netter, who at that time, I believe he had two warrants out for his arrest for narcotics violations. Upon exiting the vehicle, we then made a quick search for weapons. At this time, on the right hand side, the passenger side, there is a boot in Cadillacs. Upon searching there for weapons we found two white powdered— two Plasticine bags with white powdery substance in it, and appearing to be cocaine. At that time they were arrested and advised of their rights as per “Miranda” and transported to J.P.C.C. where they were booked accordingly.
We believe that these circumstances meet Fultz’s challenge. Wright *922 lawfully stopped Fultz and was within his legal authority to check for weapons. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). He was justified in seizing the cocaine since (1) the discovery of the cocaine gave Wright probable cause to believe the car contained contraband and (2) the mobility of the car constituted exigent circumstances, i.e. it could be driven away from the scene while Wright sought a warrant. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, reh. den. 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970); State v. Chaney, 423 So.2d 1092 (La.1982); State v. Wright, 562 So.2d 1192 (La.App. 5th Cir.1990).
We affirm the conviction of Carl Fultz for violating La.R.S. 40:967 C and his sentence: two years’ imprisonment, suspended; two years’ active probation; payment of a $200.00 fine, various court costs and fees, and $20.00 per month probation supervision fee; and six months’ forfeiture of his driver’s license.
AFFIRMED.