703 So.2d 1325 (1997)
STATE of Louisiana
v.
Walter L. BAILEY.
No. 97-KA-493.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1997.
*1326 Linda Davis-Short, Louisiana Appellate Project, Gretna, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Before GRISBAUM, WICKER and DALEY, JJ.
WICKER, Judge.
Walter Bailey appeals his conviction of possession of cocaine, his subsequent conviction as a multiple offender, and the resulting *1327 sentence of 10 years at hard labor. We affirm the conviction of possession of cocaine, but vacate the multiple offender conviction and remand the matter for resentencing.
On February 8, 1996, Walter Bailey and a codefendant, Otheree Fleming, were charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967(C). Bailey was arraigned and pleaded not guilty and filed a motion to suppress the evidence, which was denied. Fleming filed a motion for severance, which also was denied. Bailey and Fleming were tried together by a six-member jury on September 17 and 18, 1996. The jury returned a verdict of guilty as charged as to both.[1]
On September 23, 1996, the trial court sentenced Bailey to four years at hard labor with credit for time served. Defense counsel objected to the sentence, and filed an oral motion for appeal. Bailey filed a pro se motion for appeal on October 1, 1996. It does not appear the trial court acted on that motion. On October 21, 1996, Bailey filed a pro se motion to reconsider sentence. The trial court denied defendant's motion on October 24, 1996.
On November 15, 1996, the state filed an habitual offender bill of information pursuant to La. R.S. 15:529.1, alleging Walter Bailey had three felony convictions. Defendant was arraigned on the multiple bill on December 11, 1996 and denied the allegations in the bill. After a hearing on January 15, 1997, the trial court found Bailey to be a multiple offender. On the same day, the trial court vacated defendant's original sentence and imposed an enhanced sentence of ten years at hard labor.
Counsel filed a motion for appeal on Walter Bailey's behalf on January 15, 1997, which was granted on February 4, 1997.

FACTS
On the night of January 23, 1996, Lieutenants Dufrene, Shane Guidry, and Mark Kaufman were on duty, assigned to the Westbank Street Crimes Unit of the Jefferson Parish Sheriff's Office. The officers were in an unmarked car, and were dressed in black battle dress fatigues, or "subdued" uniform. Guidry, who was driving, parked the car in the parking lot of Tini's Bar on Ames Boulevard in Marrero. The bar was known to the officers as a scene of heavy narcotics trafficking.
The officers observed defendant, Walter Bailey, and an unidentified male standing together outside the bar. The unknown male, who appeared to be a juvenile, handed Bailey a small white object which the officers believed to be a rock of crack cocaine. Bailey in turn gave the juvenile paper currency. When the two subjects spotted the officers, the juvenile fled on foot. Dufrene gave chase, but did not succeed in apprehending the subject. Bailey entered a Jeep Cherokee driven by his girlfriend, Otheree Fleming, and left the scene. Guidry and Kaufman followed in their car.
The officers followed the Jeep at a normal rate of speed for a short distance, and made a radio call for assistance. Guidry and Kaufman pulled the vehicle over on Silver Lilly Street, just as backup units arrived. The officers ordered Bailey and Fleming out of the Jeep, and the two complied. As other officers detained Bailey and Fleming, Kaufman walked to the passenger side of the Jeep. Using his flashlight, he saw a rock of crack cocaine on the passenger seat where Bailey had been sitting. Guidry, who was standing outside the driver's side of the vehicle, also saw the rock. Guidry seized and field-tested the rock, which tested positive for cocaine. Bailey and Fleming were placed under arrest. Darren Poche of the sheriff's office crime lab testified that the tests he performed on the rock recovered from the Jeep were positive for cocaine.
Theresa Fleming, Otheree Fleming's daughter, testified at trial that her mother owns the Jeep Cherokee, but that she and other members of her family use it frequently. She further testified that Bailey at times used the vehicle unaccompanied by her mother. Walter Bailey testified that Fleming drove him to Tini's Bar so that he could play the video poker machines there. He said that what the officers saw was not an exchange of money for drugs; he was merely asking for change for a twenty dollar bill from someone outside the bar.

*1328 ASSIGNMENT OF ERROR NO. 1
The trial court erred in denying the defendant's motion to suppress evidence.
By this assignment, defendant Walter Bailey argues the trial court erred in failing to grant his motion to suppress, because the seizure of the crack cocaine from Fleming's car was the result of an illegal search. We find the seizure of the cocaine in this case was valid, however, under the automobile exception to the warrant requirement.
Unlawful searches and seizures are prohibited by the Fourth Amendment to the United States Constitution and Article I, Section 5 of the Louisiana Constitution. Generally, searches may be conducted only pursuant to a warrant which has been issued by a judge on the basis of probable cause. La.Code Crim. P. Art. 162. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The State bears the burden of proving one of these exceptions applies. State v. Tatum, 466 So.2d 29 (La.1985).
The question of whether evidence was seized in violation of the Fourth Amendment is one for the trial judge, whose factual determinations are entitled to great weight on appeal. State v. Ellis, 94-599 (La.App. 5 Cir. 5/30/95), 657 So.2d 341, writs denied, 95-2095 (La.12/8/95), 664 So.2d 421, 95-1639 (La.1/5/96), 666 So.2d 300.
Automobiles are accorded less protection against warrantless searches due to their inherent mobility and a citizen's lesser expectation of privacy. State v. Bruser, 95-0907 (La.App. 4 Cir. 9/15/95), 661 So.2d 152. The current standard for warrantless searches under the Fourth Amendment was expressed in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In that case, the United States Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within may conduct a search of the vehicle that is as thorough as a magistrate could require in a warrant.[2]See also, Pennsylvania v. Labron, ___ U.S. ___, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996).
Further, the jurisprudence has held that a search warrant is not necessary where there is probable cause to search an automobile, and there are exigent circumstances requiring an immediate search. State v. Tatum, supra; State v. Chaney, 423 So.2d 1092 (La.1982). In Tatum, 466 So.2d at 31-32, the Louisiana Supreme Court discussed the concept of exigent circumstances:
Exigent circumstances has been defined as the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore constitutionally permissible when "the car is movable, the occupants are alerted, and the car's contents may never be found if a warrant must be obtained." [Citation omitted.]
La.Code Crim. P. Art. 215.1(A) provides, "A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." Officers Kaufman and Guidry testified they were only ten to twelve feet away from Bailey and his unknown companion when they observed the transaction between the two. The lighting in the bar's parking lot was good and both officers clearly saw defendant exchange money for what they believed was a rock of crack cocaine. The officers testified that their aim in following and stopping the car was to arrest defendant for possession of cocaine. Based on these facts, the officers made a valid investigatory stop under Article 215.1(A).
*1329 The officers' search of the car was supported by probable cause that there was contraband in the vehicle. The officers saw Bailey get into Fleming's car immediately after purchasing cocaine. Kaufman and Guidry then followed the car, without losing sight of it, until they effected the stop. Moreover, the cocaine was in plain view on the seat. This Court has held that, "if a vehicle is parked on a public street, an officer may stand beside it and look into the vehicle as may any member of the public." State v. Wright, 562 So.2d 1192 (La.App. 5 Cir.1990). An immediate search was necessitated by the car's location in a high crime area at night, and the possibility that a passerby might move the car or any evidence within. The officers could not safely leave the vehicle unattended, nor were they required to place a guard on it until a search warrant could be obtained. Id.
Based on the foregoing, we find no error in the trial court's denial of the motion to suppress the evidence.

ASSIGNMENT OF ERROR NO. 2
The trial court erred in denying the defendant's right to impeach the police officer's testimony and to introduce into evidence the police report (State's Exhibit 3) after the officer had referred to it in his testimony.
Defendant complains that the trial court erred in refusing to allow his attorney to impeach Lieutenant Kaufman with the contents of his police report, and in denying admission of the report into evidence at trial. Defendant bases his contention on Article 612(B) of the Louisiana Code of Evidence, which provides:
In a criminal case, any writing, recording, or object may be used by a witness to refresh his memory while testifying. If a witness asserts that his memory is refreshed he must then testify from memory independent of the writing, recording, or object. If while testifying a witness uses a writing, recording, or object to refresh his memory an adverse party is entitled, subject to Paragraph C, to inspect it, to examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.
In the instant case, the prosecution identified the police report as State's Exhibit Three, although the report was not admitted in evidence. On direct examination, the prosecutor questioned the officer as follows:
Q. I'm going to show you what's been previously marked for identification purposes as State's Exhibit-3, or what I'm marking as State's Exhibit-3. You've seen this already.
Mr. Gill [defense counsel]:
No objection.
(Handing the exhibit to the witness) The Witness:
Yes, sir.
By the State:
Q. Does that appear to be your report?
A. Yes, sir.
Q. Does that report contain a notation of the item or complaint number?
A. Yes, sir.
* * * * * *
Q. Could you tell us what item number is on that report?
A. A, Adam, 20633 of`96.
Q. Did you put that item number on there?
A. Yes, sir, it's my handwriting, the whole report.
The State used the report solely for the purpose of linking the physical evidence which bore the same item number as the incident reportto defendant. The State did not refer to the report for any other purpose. On re-cross, defense counsel attempted to use information in the police report to impeach Kaufman. The State lodged an objection, which was sustained. Defense counsel then moved to admit the police report in evidence. The trial court denied his motion.
It does not appear that the trial court erred in disallowing counsel's use of the police report to impeach the police officer. The officer only used the police report to "refresh his memory" as to the item number assigned to the case. Counsel was entitled, under Article 612(B), to examine the officer only as to the portions of the report to which he referred in his direct testimony (i.e., the item number). Defendant was not entitled to *1330 introduce the entire police report. Although we find no appellate decision that specifically addresses the issue, the article itself is clear on this point. We find no merit to this assignment.

ASSIGNMENT OF ERROR NO. 3
The trial court erred in denying the defense requested jury instructions.
By this assignment, defendant complains that he was prejudiced by the trial court's refusal to adopt his three requested jury charges.
A requested special jury charge shall be given by the trial court if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge which is given, or if it does not conform to statutory requirements. La.Code Crim. P. Art. 807; State v. Hidalgo, 95-319 (La.App. 5 Cir. 1/17/96), 668 So.2d 1188.
Failure to read a special jury charge constitutes reversible error only when there is prejudice to the substantial rights of the defendant or the violation of some constitutional or statutory right. State v. Edwards, 25,963 (La.App. 2 Cir. 5/4/94), 637 So.2d 600.
Defendant's first special jury charge, regarding the law of principals, proposed three legal concepts: that principals in the same illegal act may be found guilty of different grades of the charged offense, that an individual may only be convicted of a crime which he had the requisite intent to commit, and that the intent of a codefendant may not be imputed to the accused. The trial judge denied the instruction on the grounds that the court's general instruction included a sufficient instruction on the law of principals.
The record shows that the judge properly tracked La. R.S. 14:24, pertaining to the law of principals, in its general charge. Moreover, as the following excerpt shows, the legal principles included in defendant's suggested charge were substantially covered in the court's instruction:
One who aids and abets in the commission of a crime may be charged and convicted with a higher or lower degree of crime depending on the mental element proved at trial. The attempted distribution of controlled dangerous substance statute, with which this defendant is charged, requires proof of specific intent on the part of this defendant.
Accordingly, defendant was not prejudiced by the judge's refusal to adopt the requested instruction.
Defendant offered the following as his second special instruction:
Where circumstantial evidence is used to prove an essential element of a crime, the prosecution, in order to prove its case beyond a reasonable doubt, must eliminate every reasonable hypothesis of innocence.
Again, the judge denied the suggested instruction because it was embodied in the general instruction. The judge instructed the jury, "You cannot find the defendant guilty solely on circumstantial evidence unless the facts proved by the evidence exclude every reasonable hypothesis of innocence."
Defendant complains that the judge misstated the law. The defendant's argument is, however, misplaced. The charge given by the court substantially tracks La. R.S. 15:438, which defines circumstantial evidence. In State v. Flowers, 574 So.2d 448 (La.App. 2 Cir.1991), writ denied, 580 So.2d 666 (La. 1991), the court found an identical instruction on circumstantial evidence to be proper. Further, defendant fails to state how he was prejudiced by the court's instruction.
Defendant's third special jury charge concerned constructive possession. A person not in physical possession of narcotics may have constructive possession when the drugs are under that person's dominion or control. State v. Ruffin, 96-226 (La.App. 5 Cir. 8/28/96), 680 So.2d 85. The trial court gave no instruction on constructive possession. However, while such an instruction may have been relevant in Fleming's case, the issue of constructive possession was not pertinent to Bailey because the officers' testified that Bailey had actual possession of the cocaine in front of Tini's bar. Moreover, defendant also failed to state how he was prejudiced by the court's failure to adopt this special instruction.
*1331 Considering the foregoing, we find no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 4
The trial court erred in giving the jury an incorrect instruction on the law of "Possession."
In brief to this Court defense counsel complains that the trial court erred in instructing the jury that possession of a controlled dangerous substance can be actual, constructive, or joint. Counsel contends that the law does not recognize joint possession. An exchange between defense counsel and the judge prior to closing arguments indicates that an instruction on joint possession was part of the trial court's proposed jury charge. However, the court's actual instructions to the jury did not mention joint possession. Counsel's argument, therefore, is wholly unfounded and merits no consideration.

ASSIGNMENT OF ERROR NO. 5
The trial court erred in finding defendant was a multiple offender.

ASSIGNMENT OF ERROR NUMBER SIX
The trial court erred in failing to advise the defendant of the prescriptive period for post conviction relief.

ASSIGNMENT OF ERROR NUMBER SEVEN
The trial court erred in imposing an excessive sentence.
We pretermit discussion of Assignments of Error Nos. 5, 6 and 7, due to our ruling on Assignment No. 8, infra. There are two errors in the habitual offender proceedings which require us to vacate that habitual offender conviction, discussed infra under Assignment of Error No. 8, Errors Patent.

ASSIGNMENT OF ERROR NO. 8
Assigned as error are any and all errors patent on the face of the record.
The bill of information in defendant's 1992 firearm conviction (admitted as State's Exhibit Five at the multiple bill hearing) shows that the 1984 cocaine conviction was used as the underlying felony to support the firearm charge. If a felon in possession of a firearm conviction is used to enhance a subsequent conviction, the underlying felony used as an element of the firearm conviction may not be used in the multiple bill, as this constitutes double enhancement. See State v. Moten, 619 So.2d 683 (La.App. 4 Cir.1993). This error requires that we vacate defendant's multiple bill adjudication.[3]
For the foregoing reasons, the conviction of possession of cocaine is affirmed; the conviction as a habitual offender is vacated; and the case is remanded for resentencing of the defendant for possession of cocaine. Further habitual offender proceedings, if any, must await a new action by the State on a properly-drawn bill of information.
CONVICTION OF POSSESSION OF COCAINE AFFIRMED; CONVICTION AS HABITUAL OFFENDER VACATED; CASE REMANDED.
NOTES
[1] Because this appeal concerns only Bailey, we pretermit discussion of Fleming's case.
[2] The car from which the cocaine was seized did not belong to Bailey, nor did he have control over the vehicle. However, La. Const. art. I, § 5 provides, "Any person adversely affected by a search or seizure ... shall have standing to raise its illegality in the appropriate court." Accordingly," a defendant may contest the search and seizure of a third person's car, even if the defendant has no proprietary interest in it, if he has an expectation of privacy and is adversely affected by the search". State v. Hughes, 587 So.2d 31, 37-38 (La.App. 2 Cir.1991), writ denied, 590 So.2d 1197 (La.1992).
[3] In addition, at the conclusion of the multiple bill hearing the trial judge simply found defendant to be a multiple offender, without specifying whether defendant was a second or third felony offender. This is a defect in the habitual offender adjudication which would require remand of the case, were we not vacating the conviction for the invalid use of the firearm conviction. State v. Jones, 516 So.2d 396 (La.App. 5 Cir. 1987).