675 So.2d 1098 (1996)
STATE of Louisiana
v.
Larry JOHNSON, et al.
No. 96-KK-0959.
Supreme Court of Louisiana.
June 28, 1996.
Granted; severance of the defendants is ordered. Prejudice may occur in a joint trial "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1933) (citing Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)). The Supreme Court has not yet delineated those circumstances under which a codefendant's statement may be directly admissible against the defendant. It has made clear that such statements are presumptively unreliable to the extent that they incriminate the defendant. Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986), and that they remain inadmissible at a joint trial even when the defendant has given his own "interlocking" statement. See Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987) ("[W]here a nontestifying co-defendant's confession incriminating the defendant is not directly admissible against the defendant ... the Confrontation Clause bars its admission at their joint trial....").
WATSON, J., not on panel.