VICTORY, J.,
concurs and assigns reasons.
On the showing made, I find no abuse of discretion by the trial court in denying *1259 defendant’s motion to sever. However, trial of co-defendants may not proceed “if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.” Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). In a separate trial of defendant, the Confrontation Clause of the Sixth Amendment would bar introduction of his co-defendant’s testimonial statement, made in response to police interrogation and providing a retrospective account of the circumstances surrounding the victim’s death for purposes of facilitating the investigation and prosecution of the offense, unless the co-defendant took the stand and submitted to cross-examination. Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004)(“Whatever else the term [testimonial] covers [for confrontation purposes], it applies at a minimum to prior testimony at a preliminary hearing, before a grand Injury, or at a former trial; and to police interrogations.”). To the extent that the co-defendant’s testimonial statement constitutes a “powerfully incriminating extrajudicial statement” which directly implicates defendant in the crimes charged, Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 1628, 20 L.Ed.2d 476 (1968), the statement may not be admitted at a joint trial, even under a limiting instruction that jurors are to consider it as evidence only against the co-defendant, id., 391 U.S. at 137, 88 S.Ct. at 1628, and even if defendant’s own statement to the police partially interlocks with the co-defendant’s statement, Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), unless the prosecution redacts the co-defendant’s statement in such a way that it no longer facially or directly implicates defendant in the crime. Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). If the prosecutor is unable to redact the co-defendant’s statement in such a fashion, yet intends to use that statement against the co-defendant at trial, the defendants must be severed. See State v. Johnson, 96-0959 (La.6/28/96), 675 So.2d 1098.